IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NICHOLAS ADDISON                                                                            PLAINTIFF

V.                                        NO: 3:15CV00001 JM/JWC

JOEY MARTIN *et al.*                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal.

> Mail your objections to:
> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Nicholas Addison, who is currently held at the Poinsett County Detention Center, filed a *pro se* complaint on January 5, 2015, naming as Defendants Poinsett County Jail Administrator Joey Martin, and jailers Austin Lemons and Tyler Zack.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, Zack and Lemons told other inmates things about him, which the inmates relayed to Plaintiff. Plaintiff also claims that on one occasion, Lemons was taunting him outside his door, inviting Plaintiff to hit him. Plaintiff then struck Lemons. Plaintiff further alleges that Defendant Zack, who had been instructed to not open Plaintiff's cell, did so anyway, so Plaintiff struck Zack as well. Plaintiff asserts that guards know he has mental issues, and know to not confront him directly. Plaintiff does not allege that he received any physical injuries in the incident.

Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed. Verbal harassment is not actionable. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(mere verbal threats do not constitute a § 1983 claim); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985)(name calling not a constitutional violation). Further, Plaintiff has not alleged that he was physically harmed in any way. Without a physical injury, any mental distress or emotional injury Plaintiff suffered is not actionable. *See* 42 U.S.C. § 1997e(e).[1] Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.  This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 13th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury..." *Id*.